OPINION
{¶ 1} Defendant-appellant, Stacy Allen (hereinafter "Allen"), appeals the judgment of the Marion County Court of Common Pleas, finding her guilty of Tampering with Evidence in violation of R.C. 2921.12(A)(2), Obstructing Justice in violation of R.C. 2921.32(A)(5) and Felony Child Endangering in violation of R.C. 2919.22(A) and sentencing her to a four year prison term.
 {¶ 2} The charges against Allen stem from events occurring in late 2003. During the fall of 2003, Allen was living with her half-brother and boyfriend, Anthony Almendinger (hereinafter "Almendinger"). Allen's two minor children, eight-year-old Chelsea and two-year-old Autumn, resided with Allen and Almendinger. During the period of time from October 22, 2003 to December 3, 2003, Almendinger allegedly assaulted the two minor children on four different occasions, causing severe bruising to both children and causing Autumn a broken arm.[1]
 {¶ 3} Alleging that Allen was aware of Almendinger's conduct, the state brought charges against her. On December 11, 2003, the Marion County Grand Jury returned an indictment against Allen for one count of Tampering with Evidence, three counts of Obstructing Justice, and two counts of Felony Child Endangering, all counts being felonies of the third degree. The matter proceeded to a bench trial on March 11, 2004.
 {¶ 4} Following the presentation of evidence, Allen was found guilty on all six counts. The trial court subsequently sentenced Allen to a term of four years in prison on each count, to be served concurrently, for a total term of four years. It is from this conviction that Allen appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The court's verdict of guilty as to the charges set forth inDefendant's indictment was against the manifest weight of the evidenceand without sufficient evidence beyond a reasonable doubt for its findingof guilty.
 {¶ 5} In this assignment of error, Allen asserts that the evidence was both insufficient to support a conviction on the six counts and that her convictions were against the manifest weight of the evidence. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 6} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the demeanor of the witnesses and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 7} Allen first contends that the evidence was insufficient and the verdict was against the manifest weight of the evidence in regard to the Tampering with Evidence charge pursuant to R.C. 2921.12(A)(2). The charge of tampering stemmed from a recantation by Chelsea, which was allegedly caused by Allen. The tampering statute provides in pertinent part:
(A) No person, knowing that an official proceeding or investigation isin progress, or is about to be or likely to be instituted, shall do anyof the following:
 (2) Make, present, or use any record, document, or thing, knowing it tobe false and with purpose to mislead a public official who is or may beengaged in such proceeding or investigation, or with purpose to corruptthe outcome of any such proceeding or investigation.
A "public official," for purposes of R.C. 2921.12, is "any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers." R.C. 2921.01(A).
 {¶ 8} Specifically, Allen argues that the state failed to prove that Marion County Children Services Caseworker Megan Burger was a public official. At trial, however, Megan Burger testified that she was an Intake Investigator for Marion County Children Services. As an employee of a state agency, we find that Burger meets the definition of "public official" and find Allen's argument on this point without merit.
 {¶ 9} Allen also asserts, with regard to her conviction for Tampering with Evidence, that the state failed to prove beyond a reasonable doubt that she purposely presented a recantation from Chelsea to Burger, knowing it was false, in order to corrupt the investigation of Almendinger.
 {¶ 10} Regarding this charge, Burger testified that she became involved with Allen's case on October 21, 2003, when she was contacted by Chelsea's school that Chelsea was reporting being abused by Almendinger. Burger investigated the claim and took Chelsea to Marion General Hospital the following day, October 22, 2003. At the hospital, Burger asked Allen about the injuries to Chelsea and Allen seemed to be aware of what had caused the injuries. Allen stated that she had taken Vicodin the previous night and did not feel that she was alert enough to do anything while Almendinger was injuring Chelsea. Allen did promise Burger that she would make sure Almendinger stayed out of her home.
 {¶ 11} Burger further testified that she received a phone call from Allen on October 24, 2003, stating that she and Almendinger had talked with Chelsea and that Chelsea was recanting her statements that Almendinger had injured her. Allen told Burger that she had written down what Chelsea had said and that Chelsea had signed it.
 {¶ 12} Chelsea testified that Allen told her she was "confused about the situation" and that it was her fault that Almendinger was in jail. Chelsea also testified that the recantation was false.
 {¶ 13} Based on this evidence, we do not find that Allen's conviction for Tampering with Evidence was based on insufficient evidence or was against the manifest weight of the evidence. The state presented evidence of Allen's knowledge of the source of Chelsea's injuries. The trial court found this evidence credible. The evidence was sufficient for the court to conclude that Allen knew Chelsea's recantation was false. Given Chelsea's age, it would be reasonable for the court to conclude that Allen manipulated Chelsea into signing the recantation. Moreover, the state produced sufficient evidence for the trier of fact to find that Allen presented the recantation to Megan Burger for the purpose of corrupting, if not halting, the investigation of Almendinger.
 {¶ 14} Regarding her conviction on three counts of Obstructing Justice, in violation of R.C. 2921.32(A)(5), Allen also contends that the evidence was insufficient and the verdict was against the manifest weight of the evidence. R.C. 2921.32 states in pertinent part:
(A) No person, with purpose to hinder the discovery, apprehension,prosecution, conviction, or punishment of another for crime or to assistanother to benefit from the commission of a crime * * * shall do any ofthe following:
 (5) Communicate false information to any person;
 (C) (1) Whoever violates this section is guilty of obstructingjustice.
 (4) If the crime committed by the person aided is * * * a felony of thefirst or second degree * * * obstructing justice is a felony of the thirddegree.
 {¶ 15} At trial, it was recognized and uncontested that Almendinger pled no contest and was found guilty of three counts of second degree Felony Child Endangering. Despite this, Allen attempts to argue that the state failed to prove that Almendinger's actions constituted second degree felonies because Almendinger did not cause serious physical harm to Chelsea and Autumn Therefore, Allen argues, her actions cannot constitute a third degree felony. Rather, at most, they constitute a lesser, misdemeanor offense.
 {¶ 16} We find that Allen's argument is without merit. First, Allen has no standing to argue the propriety of the conviction of Almendinger. Second, the trial court was not required to re-determine the evidence against Almendinger before convicting Allen of Obstructing Justice. The trial court had only to determine that Almendinger stood convicted of three counts of second degree Felony Child Endangering. Based on Almendinger's second degree felony convictions, R.C. 2921.32 mandates that Allen's conviction for Obstructing Justice is a felony of the third degree.
 {¶ 17} Further, the state introduced evidence of multiple instances where Allen provided false information to those involved in the investigation of Almendinger. For example, Allen told Megan Burger that Autumn's injuries were caused when she fell out of bed and hit her head. Later, Allen stated that she never saw any injuries to Autumn. With regard to Chelsea, Allen stated that she did not know that Almendinger was beating her, but later told authorities that she knew the beating had taken place, but she was not alert enough to stop it because of the prescription medication she had taken. Allen also mischaracterized her contact with Almendinger after the time she had been made aware that he was to have no contact with the children. Allen first told Megan Burger that Almendinger had only been to her house two times to pick up clothing, but she later admitted he had been staying with her on a full-time basis.
 {¶ 18} Therefore, we cannot find that Allen's convictions on three counts of Obstructing Justice were based on insufficient evidence or were against the manifest weight of the evidence.
 {¶ 19} Finally, Allen contends that the evidence was insufficient and the verdict was against the manifest weight of the evidence in regard to the two counts of Felony Child Endangering, in violation of R.C.2919.22(A). R.C. 2919.22 states in pertinent part:
(A) No person, who is the parent, guardian, custodian, person havingcustody or control, or person in loco parentis of a child under eighteenyears of age or a mentally or physically handicapped child undertwenty-one years of age, shall create a substantial risk to the health orsafety of the child, by violating a duty of care, protection, orsupport.
The statute further provides that, "[i]f the violation is a violation of division (A) of this section and results in serious physical harm to the child involved" the offense is a felony of the third degree. R.C.2919.22(E)(2)(c).
 {¶ 20} Pursuant to this charge, Allen incorporates her previous argument that the state did not prove the minor children suffered serious physical harm. "Serious physical harm" includes, but is not limited to, any physical harm that carries a substantial risk of death; any physical harm that involves permanent or temporary incapacity; and any physical harm that results in substantial suffering or involves any degree of prolonged pain. See R.C. 2901.01(A)(5).
 {¶ 21} Allen contends that the bruising Chelsea and Autumn suffered did not involve any substantial risk or result in disfigurement or hospitalization and that the state did not prove that the injuries to Chelsea and Autumn involved incapacity. Therefore, Allen argues that the evidence did not support a felony Child Endangering offense.
 {¶ 22} At trial, evidence was introduced that on or about October 20, 2003, Almendinger handcuffed Chelsea's wrist and ankle to a piece of furniture before hitting her and throwing her against the wall. These actions by Almendinger resulted in Chelsea sustaining bruises on her upper and lower back, bruising on her wrist and ankle where she had been handcuffed, broken blood vessels around her neck, bruises and scratches on her cheek and broken blood vessels in her eye. Chelsea stated to her babysitter that she was in a lot of pain because of the injuries. Additionally, Joan Hawkins, a school liaison for Marion County Children Services, testified that on a scale of one to ten, the injuries to Chelsea were a nine and that they were the worst injuries to a child she had ever seen.
 {¶ 23} With regard to the injuries to Autumn, Megan Burger testified that on November 5, 2003, Autumn's babysitter notified Children's Services that Autumn had multiple bruises and requested a caseworker. Burger stated that when she saw Autumn on November 5, 2003, Autumn had two black eyes, an additional bruise over her left eye, a scratch over her right eye, fingertip bruises on her right cheek, bruises across her left cheek, a knot on the left side of her face, a bruise on her chest and a burn on her right index finger. After observing Autumn's injuries, Burger took Autumn to Marion General Hospital. Dr. Christine Tulenko, the emergency room physician on duty when Autumn was brought in, testified that the only other child she had seen with more bruising had died.
 {¶ 24} After reviewing the record, we find that the state produced copious evidence of the nature of the injuries suffered by Chelsea and Autumn. Such evidence was sufficient for the trial court to find that serious physical harm resulted. Therefore, Allen's conviction for Felony Child Endangering was not based on insufficient evidence and was not against the manifest weight of the evidence.
 {¶ 25} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, J.J., concur.
[1] Almendinger was subsequently charged with four counts of second degree felony child endangering, four counts of fourth degree felony child endangering, and four counts of second degree felonious assault as a result of these allegations. As a result of plea negotiations, Almendinger entered a plea of no contest and was found guilty on three counts of second degree felony child endangering.