OPINION
{¶ 1} Defendant-appellant Roseda Goff appeals from her conviction and sentence for Attempted Obstruction of Official Business, in violation of R.C. 2921.31(A). Goff contends that the State failed to present evidence sufficient to support her *Page 2 
conviction. She further contends that the conviction is not supported by the weight of the evidence.
 {¶ 2} We conclude that there is sufficient evidence in the record upon which a reasonable person could rely in finding Goff guilty of the charged offense. We further conclude that the record does not support her claim that the conviction is against the manifest weight of the evidence. Therefore, the judgment of the trial court is Affirmed.
 I {¶ 3} In 2007, Nathaniel Moore was a teacher at City Day Community School in Dayton
 {¶ 4} On April 23, 2007, Moore became concerned about a student who was not performing in gym class. When Moore spoke to the student, the student indicated that she was being physically abused by her mother. Moore reported this to the school principal, Shonise Carr, and was told to complete an incident report. Moore completed an incident report in which he indicated that he had contacted the Montgomery County Job and Family Services Agency about the matter. Then Moore returned to his classroom where he proceeded to telephone the Agency. The Job and Family Services Agency instructed Moore to obtain the student's address and to visually confirm any wounds to the child.
 {¶ 5} Immediately after this telephone conversation concluded, Moore was summoned to Carr's office. Moore met with Carr and City Day Superintendent, Goff. According to Moore, Goff "tried to discourage [him] from reporting [the matter to] Children's Services." Specifically, Goff indicated that the student was a "liar and couldn't *Page 3 
be trusted." Moore further testified:
 {¶ 6} "She told me that's just not the way we do things here; we don't know if the marks are real or not; we usually like to wait four or five days and observe a student and make sure that they're not lying about what they've said. * * * She went on to tell me that the way black people and white people discipline their children are different, and that I wouldn't understand because I wasn't a black person, that it was really not a big deal."
 {¶ 7} At some point during Goff's conversation with Moore, Carr was sent to check on the student. Carr located the student outside waiting for the bus with other students. Carr simply asked the student whether she was "okay." The student responded affirmatively. By the time Goff and Moore concluded their conversation, the student was gone, and Moore was unable to visually confirm signs of abuse or obtain the student's address.
 {¶ 8} The next day, Moore had his wife, Rebecca, who was also a teacher at City Day, meet with the student to determine whether she had any physical signs of abuse. Rebecca Moore confirmed injuries from the abuse, and proceeded to call the Agency.
 {¶ 9} Thereafter, Goff was charged with Attempted Obstruction of Official Business. Following a trial to the court, Goff was found guilty of the charge, based upon the trial court's finding that "if successful, [Goff's] actions not only would have hampered or impeded a concerned teacher from reporting suspected abuse to [the Agency] but also would have hampered or impeded the investigation into the allegations by [the Agency]." *Page 4 
 {¶ 10} From her conviction and sentence Goff appeals to this court. Goff s appellate brief centers on her claim that the defense of impossibility precludes a conviction on the charged offense. Specifically, she argues that since Moore had already reported the alleged abuse, any actions on her part had no effect on whether the abuse was properly investigated.
 {¶ 11} In a decision and entry dated February 25, 2009, we expressed concern as to the fact that the parties failed to state whether City Day is a community school, as provided for in R.C. Chapter 3314, and whether Moore was a public official for purposes of R.C. 2921.31. The parties, as directed by our order, filed simultaneous briefs addressing the issue of whether Moore was a public official. This appeal is now ready for disposition.
 II {¶ 12} Goff's sole assignment of error is as follows:
 {¶ 13} "APPELLANT'S CONVICTION PURSUANT TO R.C. 2921.31(A) AND R.C. 2923.02(A) WAS INSUFFICIENT AS A MATTER OF LAW AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 14} Goff contends that there is insufficient evidence in the record to support her conviction, and that her conviction is against the manifest weight of the evidence. In support, she argues that the State failed to prove that Moore was a public official. She cites R.C. Chapter 2921 as limiting the definition of a public official for this purpose. She further contends that it was factually impossible for her to commit the charged offense.
 {¶ 15} The State concedes that Moore was not a public official for purposes of *Page 5 
R.C. 2921.31. However, the State argues that the complaint, evidence and conviction are based, in part, upon the "theory that Goff impeded Montgomery County Job and Family Services, a public agency, from performing its lawful duties, investigating suspected child abuse or neglect, by adopting a policy that encouraged her employees to disregard mandatory reporting requirements under R.C. 2151.421," and by actually attempting to impede a teacher from making a report.
 {¶ 16} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins, (1997), 78 Ohio St.3d 380. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} A challenge to the manifest weight of the evidence questions the credibility of the evidence presented. State v. Thompkins (1997),78 Ohio St.3d 380. When reviewing an issue regarding the manifest weight of the evidence, the reviewing court sits as the thirteenth juror and makes an independent review of the record. Id., at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of all witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest *Page 6 
miscarriage of justice that the conviction must be reversed and a new trial ordered. Id.
 {¶ 18} Goff was charged with a violation of R.C. 2921.31(A). That statute provides as follows:
 {¶ 19} "(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 20} The attempt statute, R.C. 2923.02, provides:
 {¶ 21} "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 22} A "public official" is defined as "any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers." R.C. 2921.01(A).
 {¶ 23} As stated above, it is undisputed that Moore is not a public official. However, a children's services board is an agent of the State, and its employees fall into the category of public officials. State v.Allen, Marion App. No. 9-04-27, 2005-Ohio-551, ¶ 8. We cannot distinguish the role of a children's services board from the role of the Montgomery County Job and Family Services Agency in this regard. Thus, the issue in this case is whether the evidence demonstrates that Goff attempted to hamper or impede the employees of the Agency from conducting an investigation of the alleged abuse. *Page 7 
 {¶ 24} There is evidence in the record in the form of testimony from various teachers that, if believed, could convince a reasonable mind that Goff instituted a policy whereby teachers were required to report any incident of suspected abuse initially to her, and which left to her discretion the determination of whether to make the report mandated by statute. There is also evidence that Goff's policy resulted in teachers fearing dismissal should they fail to heed Goff's policy. There is evidence that Goff attempted to dissuade Moore from reporting his suspicions concerning the student. Furthermore, Goff's actions in calling Moore to the office prevented him from obtaining information requested by the Agency until the following day. Therefore, the child had to return overnight to the home where the abuse was allegedly taking place. The Job and Family Services Agency was unable to intervene, and the child was thus exposed to the risk of further abuse.
 {¶ 25} With regard to the argument that it was factually impossible for Goff to commit the offense, given that Moore had actually made a report prior to her intervention, we note that the attempt statute provides that "[i]t is no defense to a charge under this section that, in retrospect, commission of the offense that was the object of the attempt was either factually or legally impossible under the attendant circumstances, if that offense could have been committed had the attendant circumstances been as the actor believed them to be." R.C. 2923.02(B). Furthermore, as stated above, Goff's actions did, in fact, impede the Agency's employees from conducting an immediate investigation, thereby exposing the child to the risk of further abuse.
 {¶ 26} The trial court clearly based its verdict, in this bench trial, in part upon its finding that Goff hindered or impeded the Agency and its employees in the performance *Page 8 
of their official duties. Therefore, the trial court's error in concluding that Moore was a public official is harmless.
 {¶ 27} We conclude that the evidence supports the conviction, and that the conviction is not against the manifest weight of the evidence. Therefore, Goff s sole assignment of error is overruled.
 III {¶ 28} The sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, J., and FROELICH, J., concur.
Copies mailed to:
Mathias H. Heck, Jr., Jill R. Sink, J. David Turner, Hon. Anthony Capizzi. *Page 1